UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VALERIY KOSTRABA,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General,

        Respondent.

Civil No. 11-1122 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's submission entitled "Petition for Writ of Habeas Corpus for Persons in Federal Custody Under 28 U.S.C. § 2241." (Docket No. 1.)  Petitioner is being held by federal immigration authorities, and he is seeking a writ of habeas corpus under 28 U.S.C. § 2241, which would cause him to be released from federal custody.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, the Court finds that the claims presented in the current habeas corpus petition cannot be entertained in a federal district court action.  The claims presented here can be entertained only in the Eighth Circuit Court of Appeals.  The Court will therefore recommend that this case be transferred to the Court of Appeals.

## I. BACKGROUND

Petitioner is an inmate at the Ramsey County Adult Detention Center in St. Paul, Minnesota.  Although Petitioner has not clearly explained why he is currently being detained, his petition indicates that on September 9, 2009, an immigration judge entered a "deportation" decision.  (Attachment to Petition, p. 6.)  It is readily apparent from Petitioner's submissions that he is an alien who is currently being held by federal immigration authorities, pending the consummation of an order directing that he be removed from the United States.

It is also readily apparent that Petitioner is presently attempting to challenge the validity of the removal order that has been entered against him.  He seems to be contending that his removal order is invalid, because it is predicated on a Minnesota state criminal conviction that is invalid.[1]  Giving

---

[1] Petitioner's submissions include a great deal of discussion about a 2009 criminal conviction in Scott County, Minnesota, which apparently precipitated his removal order.  Although Petitioner was convicted pursuant to a guilty plea, (to a charge of violating a "no contact order"), he obviously believes that his state criminal conviction is invalid.  Petitioner previously attempted to challenge his state court conviction in a habeas corpus petition filed under 28 U.S.C. § 2254.  Kostraba v. State of Minnesota, No. 10-374 (MJD/JJG).  That case was summarily dismissed, without prejudice, because Petitioner had failed to exhaust his state court remedies before seeking federal habeas review of his conviction.

Petitioner's current habeas corpus petition was brought under § 2241, (not § 2254), and it clearly appears that he is now challenging his removal order, rather than any state criminal conviction(s) that may have precipitated the removal order.  In any event, even if Petitioner were attempting to directly challenge a prior state criminal conviction, his current petition could not be construed to be a § 2254 challenge to any such conviction, for two reasons.  First, it clearly appears that Petitioner currently is in federal custody, rather than state custody, so he cannot satisfy the "in custody" requirement prescribed by § 2254(a).  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (28 U.S.C. § 2254(a) requires that a "habeas petitioner be 'in

Petitioner's submissions the benefit of liberal construction, it appears that he is now seeking a writ of habeas corpus that would vacate his removal order, and, concomitantly, cause him to be immediately released from custody.[2] However,

---

custody' under the conviction or sentence under attack at the time his petition is filed"); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995). Second, Petitioner has not shown that he has exhausted his state court remedies for any state criminal conviction. (Based on an internet search of Minnesota state court records, it appears that Petitioner is currently pursuing a post-conviction appeal in the state criminal case that precipitated his removal order.) Thus, if Petitioner were presently seeking federal habeas review of a state criminal conviction pursuant to § 2254, this action would have to be summarily dismissed.

[2] Petitioner's submissions refer to Zadvydas v. Davis, 533 U.S. 678 (2001), which holds that federal immigration authorities cannot detain an alien indefinitely after a final removal order has been entered against him. As Petitioner has correctly noted, a true Zadvydas claim, i.e., a claim challenging the duration of post-removal-order detention, can be brought in a § 2241 habeas corpus petition. Id. at 688 ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention") (emphasis added). However, Zadvydas does not have any discernible relevance to the current petition, because Petitioner is not challenging the duration of his detention pursuant to a valid removal order; he is challenging the actual validity of the removal order itself. Furthermore, Petitioner has not alleged any facts that could support a true Zadvydas claim. To support such a claim, Petitioner would have to present facts showing that (a) he has been detained for more than six months after his removal order became final, and (b) there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

If Petitioner did not actually intend to challenge the validity of his removal order, but instead intended to challenge his continuing post-removal-order detention, (pursuant to an admittedly valid removal order), then the dismissal of this case should not preclude him from pursuing such a challenge in a new § 2241 habeas corpus petition. However, if Petitioner ever does attempt to bring a Zadvydas challenge – i.e., a challenge to the duration of his post-removal-order detention pursuant to a valid removal order – he will have to present a set of facts that could support such a challenge. More specifically, he will have to show (a) when his removal order became "final," (b) that more than six months have passed since his removal order became "final," and (c) that federal immigration authorities will not be able to effect his removal in the reasonably foreseeable future.

this Court lacks jurisdiction over any legal challenge to the validity of Petitioner's removal order.

## II.   DISCUSSION

Since the enactment of REAL ID Act in 2005, "district courts no longer have habeas jurisdiction to review final orders of [removal]." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007).  "Pursuant to § 106 of the REAL ID Act, [8 U.S.C. § 1252(a)(5)], <u>a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal</u>, deportation, or exclusion." Id. (emphasis added).

The exclusive remedy rule of the REAL ID Act is clearly applicable here, because Petitioner is directly challenging the validity of his removal order. Petitioner claims that the removal order that has been entered against him is invalid, and he should therefore be released from Respondent's custody. However, the REAL ID Act prohibits a federal district court from entertaining such claims in a habeas corpus proceeding, and mandates that such claims must be brought in the apposite federal circuit court.

The Eighth Circuit Court of Appeals has held that when an alien improperly attempts to challenge a removal order by filing a federal habeas corpus petition in district court, the case should be transferred to the Court of Appeals. Tostado, 481 F.3d at 1014.  In fact, the Court of Appeals has explicitly decreed that "any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion <u>must be</u>

4

transferred by the district court to the appropriate court of appeals." Id. (emphasis added). This directive must, of course, be followed here. Thus, the Court will recommend that Petitioner's current habeas corpus petition be construed to be a petition for review of his removal order, and that this case be immediately transferred to the Eighth Circuit Court of Appeals, pursuant to the REAL ID Act and Tostado.[3]

Finally, the Court notes that Petitioner did not tender any filing fee with his habeas corpus petition, but he instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Based on the information furnished in the IFP application, the Court finds that Petitioner is eligible for IFP status. Therefore, to ensure that this action is not dismissed for non-payment of the filing fee, the Court will recommend that Petitioner's IFP application be granted.

---

[3] It appears doubtful that the Court of Appeals will consider Petitioner's current habeas claims on the merits, because that Court has already reviewed and upheld Petitioner's removal order in a prior case. Kostraba v. Holder, 402 Fed.Appx. 151 (8th Cir. 2010), (per curiam) (unpublished opinion). If Petitioner is challenging the same removal order here, then the present action may be barred by the doctrine of res judicata. However, given the brief record now before this Court, and the abridged nature of the Court of Appeals' opinion in Petitioner's prior case, it is impossible to confidently predict how the Court of Appeals might view the claims presented in the current petition. The Court will therefore recommend that this case be transferred to the Court of Appeals, even though it seems quite unlikely that Petitioner's claims will actually be heard on the merits there.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application to Proceed In Forma Pauperis, (Docket No. 2), is GRANTED; and

2. This action be transferred to the Eighth Circuit Court of Appeals.


Dated: May 9, 2011               s/ *Jeanne J. Graham*
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 24, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.